**AEMS TRIAL FIRM, APC**
Adam Sechooler (SBN 293860)
  *ASechooler@AEMSFirm.com*
901 W. Civic Center Dr., Suite 200
Santa Ana, California 92703
Telephone: (657) 321-9196

**BROWER LAW GROUP, APC**
Lee K. Fink (SBN 216293)
  *Lee@BrowerLawGroup.com*
100 Pacifica, Suite 160
Irvine, California 92618
Telephone: (949) 668-0825

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FRANCES MARQUEZ, an individual, | Case No. 8:24-cv-1835 |
| Plaintiff, | **COMPLAINT** |
| v. | **(1) Violation of 42 U.S.C. § 1983** |
| CITY OF CYPRESS, a municipal corporation; SCOTT MINIKUS, individually and in his capacity as a member of the Cypress City Council; BONNIE PEAT; individually and in her capacity as a member of the Cypress City Councils City Council; ANNE MALLARI, individually and in her capacity as a member of the Cypress City Council; PETER GRANT, individually and in his capacity as the City Manager of the City of Cypress, | **(2) Unfair Business Practices, California Business and Professions Code, § 17200** |
| | **(3) Violation California Code of Civil Procedure § 1060, 28 U.S.C., § 2201** |
| | **(4) Writ of Mandate, California Code of Civil Procedure § 1085, 28 U.S.C. § 1651** |
| Defendants. | Trial Date:          None Set |

COMPLAINT

Plaintiff Frances Marquez ("Plaintiff" or "Marquez") hereby alleges as follows:

## STATEMENT OF THE CASE

1.      Plaintiff Dr. Frances Marquez is a native of the City of Cypress.  She received her high school diploma from Cypress High School.  Later, Dr. Marquez earned her Bachelor of Arts Degree in History from UCLA, a master's degree in Public Policy from Claremont Graduate University, and a doctorate in Political Science from Claremont Graduate University.

2.      Plaintiff has been serving as an Associate Professor of Government at Gallaudet University, where she teaches deaf and hard-of-hearing students and helps them pursue careers in public service.

3.      On November 3, 2020, Plaintiff won election to the Cypress City Council, finishing in second place out of nine candidates, with the top two candidates being elected.

4.      Plaintiff was the first Latina elected to the City Council in recent history.

5.      Despite Plaintiff's impressive qualifications, Plaintiff has been repeatedly attacked and unfairly singled out by others on the City Council.

6.      Notably, the City's electoral system impaired the ability of minority voters to elect candidates of their choice and impaired their ability to influence the outcome of an election, in violation of the California Voting Rights Act, Cal. Elec. Code, §§ 14026-14032 (the "CVRA").

7.      But it was not until after Marquez's election when Kathryn Shapiro and Malini Nagpal, both Cypress citizens, filed a lawsuit under the CVRA seeking to force the City to convert to a by-district election system.  (*See Southwest Voter Registration Education Project et al. vs. City of Cypress*, Orange County Superior Court, Case No. 30-2022-01270865-CU-CR-CJC.)

8.      In 2024, the City settled the lawsuit and agreed to convert to a by-district election process.

9.      Nonetheless, the Cypress City Council retaliated against Dr. Marquez for speaking out in favor of district elections.  Bizarrely, Dr. Marquez was attacked for seeking to bring "change" to Cypress, hardly an uncommon theme for politicians.

10.     While politics may sometimes be a "contact sport," here Defendants crossed the line into unconstitutional retaliation.

11.     For example, in January 2022, Plaintiff was singled out and ordered to conduct all city business through the City Manager, Defendant Peter Grant.  This meant that Plaintiff—despite being a duly elected member of the Cypress City Council—was prevented from interacting with the City's various directors (e.g., the finance director or public works director), which substantially interfered with her ability to perform in her elected role.

12.     The City Council majority also suspended Plaintiff's modest stipend for serving on the City Council.  In doing so, the City acted beyond its authority, and it also unlawfully retaliated against Plaintiff for exercising her First Amendment rights.

13.     As explained in further detail below, the City and the Council majority have repeatedly targeted Dr. Marquez in retaliation for exercising her protected rights. In addition, the City suspended Dr. Marquez's pay, which it had no right to do, and which breaches its contract with Dr. Marquez.

## **PARTIES**

14.     Plaintiff Dr. Frances Marquez is, and at all relevant times has been, an individual residing in the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

15.     Defendant City of Cypress (the "City") is a municipal corporation located within the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

16.     Defendant Scott Minikus is an individual who serves as Mayor of the City of Cypress.  Since 2021, Mr. Minikus has been a member of the Cypress City

Council.  On information and belief, Mr. Minikus is, and at all relevant times has been, an individual residing in the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

17.    Defendant Bonnie Peat is an individual.  Ms. Peat is mayor pro tem of the City of Cypress, and she has served on the Cypress City Council since 2022.  On information and belief, Ms. Peat is, and at all relevant times has been, an individual residing in the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

18.    Defendant Anne Mallari is an individual.  She has served on the City Council for the City of Cypress since December 2020.  and in her capacity as a member of the Cypress City Council.  On information and belief, Ms. Mallari is, and at all relevant times has been, an individual residing in the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

19.    Defendant Peter Grant is an individual who resides in Long Beach, California.  At all relevant time, he served as the City Manager of the City of Cypress.  On information and belief, Mr. Grant is, and at all relevant times has been, an individual residing in the County of Los Angeles, State of California which is within this judicial district and within the Southern Division thereof.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States pursuant to 42 U.S.C., § 1983.

21.    The Court has supplemental jurisdiction over the claims herein arising under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367 in that the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

22.     Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this judicial district, under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district or a substantial part of the property that is the subject of the action is in this district. Further, the Plaintiff and all Defendants live are residents of this district.  Defendants are subject to general jurisdiction in the State of California.

## FACTUAL ALLEGATIONS

**A. Plaintiff Dr. Frances Marquez Is Elected to the Cypress City Council with Strong Support.**

23.     Plaintiff Dr. Frances Marquez is a native of the City of Cypress.

24.     Dr. Marquez grew up in the City of Cypress, receiving her high school diploma from Cypress High School.

25.     Dr. Marquez later earned her Bachelor of Arts Degree in History from UCLA, a master's degree in Public Policy from Claremont Graduate University, and a doctorate in Political Science from Claremont Graduate University.

26.     In 2010, Plaintiff received a Congressional Fellowship from the American Political Science Association and worked with Congressman Mike Honda. She also served as the Legislative Director at the U.S. Capitol for Congressman Alan Lowenthal.

27.     Dr. Marquez has been serving as an Associate Professor of Government at Gallaudet University, where she teaches deaf and hard-of-hearing students and helps them pursue careers in public service.

28.     On November 3, 2020, Plaintiff won election to the Cypress City Council becoming the first Latina elected to the office in recent history.

**B. The Cypress City Council Majority Retaliates Against Dr. Marquez for Exercising Her Free Speech Rights Regarding By-District Elections.**

29.     Until recently, the City's electoral system impaired the ability of minority voters to elect candidates of their choice and impaired their ability to influence the outcome of an election, in violation of the California Voting Rights Act, Cal. Elec. Code, §§ 14026-14032 (the "CVRA").

30.     After Marquez's election to the City Council, two Cypress citizens and the Southwest Voter Registration Education Project filed a lawsuit under the CVRA, which sought to force the City to convert to a by-district election system.  (*See Southwest Voter Registration Education Project et al. vs. City of Cypress*, Orange County Superior Court, Case No. 30-2022-01270865-CU-CR-CJC.)

31.     When Dr. Marquez was first elected to the City Council, she was the only member who supported district-based elections, believing among other things that litigating the case would not be cost-effective and improve representation on the City Council.  At least in part because of this position, Dr. Marquez was singled out by the other members of the City Council, and subjected to unlawful treatment.

32.     In 2024, however, the City settled the lawsuit and agreed to convert to a by-district election process, thus validating Plaintiff's position.  Nonetheless, Plaintiff was drawn out of her district, and the Council majority voted not to have an election in Plaintiff's district for two years.

33.     Nonetheless, Defendants have engaged in a campaign of harassment and retaliation against Marquez.

**C. The City Council Unlawfully Censures Dr. Marquez.**

34.     On or about June 27, 2022, the City of Cypress passed Resolution No. 6899, which purported to censure Plaintiff, but in reality, was retaliation for protected speech.

35.    In the censure resolution, Plaintiff Marquez was alleged to have "repeatedly interfered with the City Manager's selection of a department director by insisting in being included in the selection process . . . ."  But Plaintiff was merely exercising her duty as a duly elected councilmember to be involved in important aspects of the City's business.

36.    For example, the resolution referred to Plaintiff's purported efforts to "interfere[] with the City Manager's selection" of an unspecified departmental director by asking "to be included in the selection process" from November 2020 through the first quarter of 2021.  But the resolution cited an inapplicable portion of the City's charter.

37.    Section 406 of the City of Cypress Charter prohibits a councilmember from "interfer[ing] with the execution by the City Manager of his powers and duties" or "order[ing], directly or indirectly, the appointment by the City Manager or by any of the departmental officers in the administrative service of the City, of any person to an office or employment or his removal therefrom."

38.    The resolution did not allege that Dr. Marquez "ordered" the appointment of any departmental director, or in any way interfered with the City Manager's ability to appoint a departmental director.

39.    Rather, the censure resolution was an unwarranted attack on Dr. Marquez for exercising her First Amendment rights.

40.    The censure resolution also stated that Plaintiff had "directly engaged with a consultant regarding the California Voting Rights Act/Election System community forum presentation."  The City Council majority therefore sought to retaliate against Plaintiff for exercising her right to speak regarding important political issues.

41.    Plaintiff was targeted for the censure resolution because she sought to exercise her rights to speak regarding issues including district-based elections.

42.    These attacks extended to a bizarre attack by then-Councilmember Jon Peat (the husband of Defendant Bonnie Peat), which shows the extent to which the Council majority was misguided.

43.    On August 22, 2022, at a public meeting of the City Council, Mr. Peat made a presentation, complete with Power Point slides, titled "Threats and Challenges to our City."    For more than 48 minutes, the Council discussed Mr. Peat's presentation, using the City Council meeting as a forum to make bizarre and unwarranted personal attacks against Dr. Marquez.

44.    The presentation accused Dr. Marquez of, among other things, seeking to bring "change" to the City of Cypress.  Dr. Marquez of course has a constitutional right (and arguably a duty as an elected official) to try to bring beneficial change to her community.  A true and correct copy of the power point presentation presented by Mr. Peat is attached hereto as **Exhibit A**, as if fully set forth herein.

45.    The unwarranted attacks against Dr. Marquez continued.

46.    On September 16, 2022, the Cypress City Council passed Resolution No. 6905, which was a naked attack on Plaintiff's free speech rights.

47.    According to the resolution, on "September 7, 2022 and September 8, 2022, Council Member Marquez used her office as a City of Cypress Council Member to secure the opportunity to speak to Cypress High School students."  In truth, Dr. Marquez had approval by the school administration to speak to students at Cypress High School to discuss civic engagement.  Dr. Marquez is highly qualified to speak on these topics.  In addition to serving on the Cypress City Council, Dr. Marquez is also a professor of Government, has served in senior legislative staff positions in the United States Congress, and holds a master's degree in public policy and a doctorate in political science.

48.    Dr. Marquez, along with Cypress City Council candidate Helen Le and Troy Tanaka, a candidate for the Cypress School District, spoke to students at Cypress High School in September 2022.

49.    Resolution No. 6905 cites an unidentified source, which describes the presentation by Dr. Marquez as follows: the presentation "started out about politics and running for office, but quickly changed to how nobody gets along, how everybody is out to get her, how the City is being sued due to redistricting, and how the City Council is going against what the residents want."

50.    Based largely upon this and similar characterizations of Dr. Marquez's talk at Cypress High School, the City Council majority enacted the following serious consequences to retaliate against Dr. Marquez for her protected speech:

• The City Council formally censured Dr. Marquez.

• The City Council directed Dr. Marquez "to issue a formal, written apology to Anaheim Union High School District and Cypress High School . . . ."

• The City Council revoked Dr. Marquez's appointment to the Orange County Council of Governments General Assembly (Alternate), the Southern California Association of Governments General Assembly (Alternate), and the City of Cypress Veteran Recognition Ad Hoc Subcommittee.

• The City Council imposed a $100 fine on Dr. Marquez.

• The City Council suspended Dr. Marquez's "City Council salary and stipend for 90 days effective October 1, 2022."

51.    Each of these actions were taken in retaliation for Dr. Marquez's protected speech.

**D. City of Cypress Refuses to Appropriately Indemnify Dr. Marquez.**

52.    Additionally, the City of Cypress has refused to indemnify Dr. Marquez in litigation brought against the City.

53.    In the CVRA case against the City (*Southwest Voter Registration Education Project v. City of Cypress*), the plaintiffs noticed Dr. Marquez for a deposition.

54.    Prior to the date of the deposition, counsel for the City scheduled a meeting to prepare Dr. Marquez for her deposition.  It soon became clear that there was a conflict of interest which prevented the City's attorneys from representing Dr. Marquez.

55.    Under Rules of Professional Conduct, Rule 1.7, a lawyer cannot represent a client if the representation is directly adverse to another client, or if there is a significant risk that the client's representation would be materially limited by the lawyers' responsibilities to another client.

56.    Dr. Marquez was the only member of the Cypress City Council to vote against transitioning to by-district elections in response to a demand letter from the Plaintiffs in this action pursuant to the CVRA.

57.    Dr. Marquez had repeatedly stated her belief that the City should transition to a by-district election system, placing her at odds with the City and the majority members of the City Council in this case.

58.    Given that Dr. Marquez's interests (in transitioning to by-district elections) was directly adverse to the City's interests (in opposing such a transition), Dr. Marquez obtained counsel to represent her in the *Southwest Voter Registration Education Project v. City of Cypress* matter.

59.    Despite the clear need for separate counsel, the City refused to reimburse reasonable legal fees of $3,834.00.

**E. City Council Adopts Policies Targeted at Dr. Marquez to Prevent Her From Doing Her Job as a Member of the City Council.**

60.    On or about January 26, 2022. Mr. Grant, as the City Manager issued an "admonition" that Dr. Marquez conduct business "exclusively and directly through the City Manager."

61.    This admonition also improperly burdens Plaintiff's speech.   Among other things, it "interferes with [her] ability to meet with constituents, elected officials, and others at [City Hall] on short notice, and therefore 'prevent[s] [her] from doing [her] job.'" *See Boquist v. Courtney*, 32 F.4th 764, 784 (9th Cir. 2022).

62.    Dr. Marquez has also been the subject of unreasonable and retaliatory demands with respect to her communication with the City Manager.  For example, Plaintiff has been unreasonably reprimanded for asking basic questions necessary for her to do her job as an elected official.

## FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983
### (Against All Defendants)

63.    Plaintiff incorporates by reference the foregoing paragraphs 1 to 62 inclusive.

64.    Defendants unlawfully suspended Plaintiff's salary as a member of the City Council was in retaliation for her protected First Amendment activities.

65.    The City interfered with Plaintiff's "ability to meet with constituents, elected officials, and others at" and therefore prevented her from doing her job as a member of the City Council. *Boquist v. Courtney*, 32 F.4th 764, 784 (9th Cir. 2022).

66.    Plaintiff opposed the City fighting the lawsuit that sought by-district elections.   In retaliation for this and other protected speech, the City retaliated, including passing two censure resolutions.

67.    The second of these censure resolutions caused the City to breach its contract with Plaintiff.  The City refused to compensate Plaintiff for her salary as a member of the City Council.  This was unlawful retaliation for Plaintiff's exercise of her First Amendment rights.

68.    The City also failed to reimburse reasonable legal fees of $3,834.00, which was necessary to represent Dr. Marquez.

69.    Dr. Marquez therefore seeks damages at least in the amount of the unpaid salary and the unreimbursed fees.

## SECOND CLAIM FOR RELIEF
### Breach of Contract – Failure to Pay Wages
### (Against Defendant City of Cypress)

70.    Plaintiff incorporates by reference the foregoing paragraphs 1 to 69 inclusive.

71.    On September 16, 2022, the Cypress City Council passed Resolution No. 6905, which suspended Plaintiff's pay for three months.

72.    The City acted without authority in suspending Plaintiff's pay.

73.    Indeed, the City's action was retaliation for protected speech.

74.    Accordingly, the City breached its agreement with Plaintiff when it refused to pay Plaintiff duly earned compensation.

75.    Plaintiff seeks damages at least in the amount of the unpaid salary.

## THIRD CLAIM FOR RELIEF
### Declaratory Judgment
### California Code of Civil Procedure § 1060, 28 U.S.C., § 2201
### (Against Defendant City of Cypress)

76.    Plaintiff incorporates by reference the foregoing paragraphs 1 to 75 inclusive.

77.     Section 402 of the Cypress City Charter sets forth the compensation for members of the Cypress City Council, to wit:

> Compensation for Councilmen is hereby set, and from time to time shall be changed, in accordance with the schedule set forth in the Government Code establishing salaries of Councilmen in general law cities, as the same may from time to time be amended. Such compensation may be increased or decreased by an affirmative vote of a majority of the voters voting on the Proposition at any election.

78.     The Cypress City Charter does not allow the City Council to vary the compensation of members of the City Council.  Nevertheless, the City Council Resolution No. 6905 changed the compensation of a member the City Council without any amendment of the Government Code nor an affirmative vote of a majority of the voters.

79.     The City Council's action was therefore in violation of the Cypress City Charter.

80.     An actual controversy exists between Dr. Marquez and the City relating to the legal rights and duties of the respective parties under the Charter of the City of Cypress.

81.     Dr. Marquez is entitled to a declaration of her rights under the Cypress City Charter, specifically that the City Council does not have the authority to reduce or suspend her pay or fine her based on her service under the Charter.

**FOURTH CLAIM FOR RELIEF**

**Writ of Mandate**

**California Code of Civil Procedure § 1085, 28 U.S.C. § 1651**

**(Against Defendants City of Cypress and Peter Grant)**

82.    Plaintiff incorporates by reference the foregoing paragraphs 1 to 81 inclusive.

83.    The City and Defendant Grant has a ministerial duty to pay to Dr. Marquez the compensation to which she is entitled pursuant to Section 402 of the Cypress City Charter.

84.    During and for the 90-day period commencing October 1, 2022, the City and Defendant Grant failed to pay to Dr. Marquez the compensation required by law.

85.    Dr. Marquez has no other plain, speedy, and adequate remedy at law.

86.    Accordingly, Dr. Marquez is entitled to a writ of mandate directing the City and Defendant Grant to pay her the compensation defined under Section 402 of the Cypress City Charter for the 90-day period commencing October 1, 2022.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, and other job benefits Plaintiff would have received but for Defendants' wrongful conduct;

2.    Reimbursement for lost wages and benefits;

3.    Emotional distress and reputational damages;

4.    For exemplary and punitive damages;

5.    For a declaration that Dr. Marquez is entitled to the full amount of compensation pursuant to Section 402 of the Cypress City Charter for the 90-day period commencing October 1, 2022;

6.      For a writ of mandate directing the City and Defendant Grant to pay to Dr. Marquez the full amount of compensation for the 90-day period commencing October 1, 2022, pursuant to Section 402 of the Cypress City Charter;

7.      For an award of reasonable attorneys' fees and costs incurred in this action;

8.      For pre-judgment and post-judgment interest, as provided by law; and

9.      For other and further relief as the Court may deem just and proper.

DATED:  August 20, 2024          AEMS TRIAL FIRM, APC


By:      */s/ Adam M. Sechooler*
         Adam M. Sechooler

Attorneys for Plaintiff

DATED:  August 20, 2024          BROWER LAW GROUP APC


By:      */s/ Lee K. Fink*
         Lee K. Fink

Attorneys for Plaintiff

# EXHIBIT A

# EXHIBIT A

# Threats and Challenges to our City

AUGUST 22, 2022

# Overview

- *Through Public Records Request disclosures, threats and challenges to our City have been revealed:*
  - *Advocacy for racism that divides our community and threats of violence against City Council Members.*
  - *Efforts by Council Member Marquez and Outside Special Interest groups to bring dramatic change to Cypress.*

- The City Council and the community are concerned and have questions for Council Member Marquez.

- We want to understand these threats and challenges so that we can make important decisions about the future of Cypress.

# Advocacy for Racism and Violence

# Racist Email sent to Council Member Marquez

- In an email dated November 15, 2021, UCLA professor Gary Segura advocated for racism and violence against Cypress City Council Members:

*Guys: Frances Marquez, a former student of mine, is a recently elected councilwoman in Cypress CA. She's hoping for some help.*

*Cypress is five member ALP. No restrictions. Three seats up in 2022 and two in 24.*

*The city is resisting districting. Council is 60% white and 40% latino (Frances and a retired cop who votes with the whites ).*

*City is 25% latino, 35% asian, 35 % white, dribs and drabs for the rest.*

*Geographic concentration could be problematic.*

# Email From Gary Segura to Frances Marquez (Page 2)

*She's looking for someone to speak at council next Monday on vote dilution and current state/federal standards for litigation. ==She's hoping to cow them into districts.==*

*Is Sonni available?  Anyone else? ==(I'm out of town or I'd have been happy. Scaring white electeds is fun )==*

*Thoughts?*

*Gary*

- Sonni Waknin, from the UCLA Voter Rights Project, spoke at the November 22nd, 2021 City Council Meeting.

# A Strong Supporter
# of Council Member Marquez

- Professor Segura is an active supporter of her political campaigns.

- Donated $500 to her 2018 City Council campaign.



**Schedule A** (Continuation Sheet)
**Monetary Contributions Received**

| | |
|---|---|
| Statement covers period | |
| from | 10/21/2018 |
| through | 12/31/2018 |

SCHEDULE A

CALIFORNIA FORM **460**

Page 12 of 20

NAME OF FILER  Marquez For Cypress City Council 2018

I.D. NUMBER 1409520

| DATE RECEIVED | FULL NAME, STREET ADDRESS AND ZIP CODE OF CONTRIBUTOR (IF COMMITTEE, ALSO ENTER I.D. NUMBER) | CONTRIBUTOR CODE | IF AN INDIVIDUAL, ENTER OCCUPATION AND EMPLOYER (IF SELF-EMPLOYED, ENTER NAME OF BUSINESS) | AMOUNT RECEIVED | CUMULATIVE TO DATE CALENDAR YEAR (JAN 1 - DEC 31) | PER ELECTION TO DATE (IF REQUIRED) |
|---|---|---|---|---|---|---|
| (I-1) 10/29/2018 | Gary Segura | IND | Professor | 500.00 | 500.00 | |
| | | | UCLA | | | |
| | Intermediary listed at the end of Schedule A. | | | | | |

# A Lack of Transparency

- Despite multiple requests, Council Member Marquez has refused to provide a response to this racist, threatening email.

- Questions for Council Member Marquez persist:
  - Why have you not provided a response to this racist, threatening email?
  - Have you returned the campaign contribution Professor Segura made?
  - Does the conduct outlined in the June 27th Resolution of Censure represent your efforts to "scare white electeds" or "cow" us into districts?
  - Does your silence on this issue signal your acceptance and embrace of racism?

7

# Working With Outside Special Interest Groups to Bring Change to Cypress

# An Agent For Change

- During the 2020 election campaign, Council Member Marquez portrayed herself as:
  - A Daughter-of-Cypress
  - A hometown kid
  - A product of Cypress schools

- She posted pictures from 1980 and 1981 of herself as a cheerleader and as an ASB officer, on her campaign Facebook page

# Pledged to Work With City Council  Members

- *In Facebook Post, on election night, November 4, 2020, Council Member Marquez thanked her supporters and stated:*

- *"I look forward to __working with __ the City Councilmembers to ensure Cypress __continues__ to be a community that provides opportunities for families like mine."*

# Revealing Her True Intentions....

- However, on 12/13/2020, the night before being sworn into office, Council Member Marquez posted on her campaign Facebook page...

  "Tomorrow is my swearing-in day!  It's only possible because of your support. Through your donations, endorsements and volunteer activism, **_we are bringing change to Cypress_**."

- What changed?

- How did she go from being a Daughter-of-Cypress and working with the City Council, to promising to bring change to Cypress, once she was sworn in?

- Was bringing change to Cypress her plan all along?

- Did Council Member Marquez intentionally mislead the voters in 2020?

# The Plan Was Always to Bring Change

- In an email to City Attorney Fred Galante dated April 11, 2022, Council Member Marquez's attorney/advisor Michele Magar* reveals the Council Member's true intentions:

"That's why she ran for office.  She trusts the electorate to judge for themselves whether who she is, and the change she represents, are worth embracing.  And like all effective lawmakers in the minority, she has the patience and endurance to stay focused on ignoring any attempts to distract her.  She's content to trust Cypress voters to decide if they want a different type of City

# Working for the Change

- Email dated March 2, 2022, Ms. Magar discusses strategy for achieving change, *"FYI. You have lots of potential allies in LA- you might want to start making those connections as you continue to build up resources and allies for next year, when Frances will have two votes to back up her own. Since she can't get anything passed this year, she can focus on what she wants to do for Cypress next year re the "big" issues we've talked about."*

- In an email dated March 3, 2022, Ms. Magar also states,
*"My thinking is to collect info this year so it's ready to go when Frances is in the majority next year and finally able to do more than be the sole vote against the Guardians of the Status Quo."*

*"But remember, none of this will work unless we help Frances get two more votes in November, via the at-large voting system that will still exist, hopefully for the last election in Cypress to vote via a method that dilutes the strength of protected classes in Cypress. That's going to take a LOT of energy and outreach to voters, and will likely be the most time intensive work all three of us will be doing this summer."*

# Improperly Sharing Attorney-Client Privileged Information

- Council Member Marquez has also improperly shared attorney-client privileged legal information with Ms. Magar to help drive change into Cypress.

- On February 25th, 2022 Council Member Marquez and the City Council received a special legal analysis from City Attorney, Fred Galante.

- On February 27th, Council Member Marquez forwarded that privileged information to her advisor, Michele Magar. (email 220227 1733)

- Ms. Magar used that information to create a script for Council Member Marquez to read at the February 28th City Council Meeting regarding voting districts.

- Council Member Marquez presented Ms. Magar's rationale for voting districts as part of Item #17 at the February 28th City Council meeting.

# Questions About Change

- Why are you working so hard with special interest groups from around the country to try to bring change to Cypress?

- Were any of these people or groups elected to represent Cypress?

- Which of their changes do you want to bring to Cypress?
  - Dividing our community into voting districts?
  - Defunding our police department?

- What is the change you represent?

- How will this change benefit our residents and the community?

- Why did you mislead the voters in 2020 and not tell them that you wanted to bring change to Cypress?

# Cypress – The City of Progress

- We embrace change when it will benefit our residents and make us a stronger community.
  - ○ Adding services and programs for families or people with disabilities
  - ○ Conducting infrastructure maintenance programs
  - ○ Building new parks, retail development projects and new housing

- The City has well defined processes for evaluating new opportunities.

- We welcome robust discussion on new ideas and make decisions based upon facts and data rather than on emotions.

- Given that Cypress is a very successful city, is there really a need for dramatic wholesale change?

# What Does the Community Think?

- Community Survey Results say residents are very satisfied



- So, why is Council Member Marquez pushing so hard to change Cypr

# Follow the Money

- Council Member Marquez's 2018 and 2020 election campaigns were funded by special interest groups from outside of Cypress.

- She raised over $99,000 and spent nearly $79,000 in the two elections.

- Over 94% of her funds came from groups outside of Cypress.

- 16 Political Action Committees (PACs) donated thousands of dollars directly to her election campaign

- Nearly 16 % of her funding came from PACs, while less than 6% of her support came from Cypress residents and businesses.

# Questions About The Money

- Council Member Marquez accepted direct donations from 16 different PACs, many in the labor trades.

- At the July 11th meeting at the 7:34 mark of Item 13 you said:

   *"I will recuse myself when people come before me who have given me money and are asking for something.  I have no problem doing that."*

- You didn't recuse yourself from voting on the Amazon Last Mile Center, a project supported by union labor groups.

- Do you have a gross conflict of interest in voting on that project?

- Will you recuse yourself from voting on future projects that may benefit union labor groups?

- Why did you accept so much money from outside PACs and so little money from Cypress residents and businesses?

# Summary

- Through Public Records Request disclosures, threats and challenges to our City have been revealed.

- The City Council and the community have questions for Council Member Marquez regarding these threats and challenges.

- We believe in transparency and accountability.

- We are asking Council Member Marquez to lead by example.

- Please answer our questions, address our concerns.

- Be honest about who you really are and how you want to change Cypress.

# Future Direction of our City

- *I believe we are at a clear inflection point for our City and our future.*

- The residents of Cypress must decide for themselves:

  - Do we want to be led by people, working with outside special interests, who want to bring dramatic change Cypress?

  - Do we want to be led by residents who embrace and represent the values that have made Cypress a great place to live and work?