O

# United States District Court
# Central District of California

| | |
|---|---|
| FRANCES MARQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CYPRESS et al.,<br><br>        Defendants. | Case № 8:24-cv-01835-ODW (JDEx)<br><br>**ORDER DENYING MOTION TO STRIKE; AND GRANTING IN PART MOTION TO DISMISS [33]** |

## I.    INTRODUCTION

Plaintiff Frances Marquez ("Marquez") brings this action against Defendants City of Cypress ("City"), City Manager Peter Grant, former City Mayor and City Councilmember Paulo Morales, and current and former City Councilmembers Scott Minikus, Bonnie Peat, Jon Peat, and Anne Mallari (collectively, "Defendants"). (First Am. Compl. ("FAC"), ECF No. 31.) Defendants move to dismiss under Federal Rule of Civil Procedure ("Rule" or "Rules") 12(b), or alternatively, to strike various portions of the First Amended Complaint under Rule 12(f). (Mot. Dismiss. ("Mot."), ECF No. 33.) For the following reasons, the Court **DENIES** the Motion to Strike and **GRANTS IN PART** the Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

On November 3, 2020, Marquez was elected to a seat on the Cypress City Council. (FAC ¶ 27.)

### A. Marquez's Support for By-District Elections

On September 20, 2021, the Southwest Voter Registration Education Project ("SVREP") sent a demand letter to the City, demanding that the City transition to by-district elections on the grounds that the City's electoral system impaired the ability of minority voters to influence the outcome of elections in violation of the California Voting Rights Act ("CVRA"). (*Id.* ¶¶ 34–35.) During this time, Marquez "spoke out vociferously in favor of by-district elections" and advocated with City Council and members of the public to convert the City to a by-district election system in response to the demand letter. (*Id.* ¶¶ 36–37.)

Ten months later, two Cypress citizens and the SVREP filed a lawsuit in Orange County Superior Court against the City. (*Id.* ¶ 39.) The majority of the City Council continued to oppose by-district elections. (*Id.* ¶ 41.) Marquez, again, advocated to convert the City to by-district elections, which she argued would minimize legal spend and resolve the litigation. (*Id.* ¶¶ 40–41.) On February 8, 2022, Marquez's opposition to spending taxpayer money to hire a communications consultant to run public meetings about the CVRA was quoted in the *Orange County Register*. (*Id.* at 41.)

### B. Marquez's Opposition to the City's Waste Management

In January 2022, the City voted to extend a no-bid contract with Valley Vista Services for trash hauling services for City residents. (*Id.* ¶ 43.) Marquez spoke out against the City allowing trash to be dumped at public work yards adjacent to residential neighborhoods and elementary schools and raised concerns about the no-bid contract with Valley Vista Services. (*Id.* ¶¶ 43–44.) In August 2022, Marquez gave an interview with television station KTLA regarding these concerns. (*Id.* ¶ 45.)

---

[2] All factual references derive from Marquez's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C. Marquez's Presentation at Cypress High School

On or about September 7 and September 8, 2022, Marquez spoke to students at Cypress City High about local politics. (*Id.* ¶ 48.) During her presentation, Marquez expressed her views "that the City Council was dysfunctional and corrupt" and discussed the waste management contract and the CVRA litigation. (*Id.* ¶¶ 47, 49.)

### D. The Admonition, Ordinance No. 1193, & Resolution Nos. 6899 and 6905

Defendants allegedly retaliated against Marquez for her support of by-district elections, opposition to the City's waste management contract, and presentation at Cypress High School by admonishing her and enacting Ordinance No. 1193 and Resolution Nos. 6899 and 6905. (*Id.* ¶¶ 33, 50, 61, 65–66, 77.)

First, the City Manager issued an admonition, requiring Marquez to conduct official business through him. (*Id.* ¶ 76.) Second, the City enacted Ordinance No. 1193, which required councilmembers to "refrain from abusive conduct, personal charges[,] or ***verbal attacks*** upon the upon the character or motives of other Council members, City staff or public." (*Id.* ¶ 31 (emphasis in original).) Third, the City passed Resolution No. 6899, which censured Marquez for "repeatedly interfer[ing] with the City Manager's selection of a department director by insisting in being included in the selection process" and "directly engag[ing] with a consultant regarding" a CVRA community forum presentation. (*Id.* ¶¶ 51, 55.) Fourth, the City adopted Resolution No. 6905 which formally censured Marquez, directed her to issue a formal written apology to Anaheim Union High School District and Cypress High School, revoked her appointment on two alternative assemblies and an ad hoc subcommittee, fined her, and suspended her salary for ninety days. (*Id.* ¶ 65.)

### E. This Action

Based on the above allegations, Marquez filed the instant action. She asserts four causes of action: (1) violation of her First Amendment rights pursuant to 42 U.S.C. § 1983; (2) breach of contract for failure to pay wages; (3) declaratory relief pursuant to California Code of Civil Procedure section 1060 and 28 U.S.C. § 2201;

and (4) writ of mandate pursuant to California Code of Civil Procedure section 1085 and 28 U.S.C. § 1651.  (*Id.* ¶¶ 80–103.)

Defendants move to dismiss all causes of action under Rule 12(b)(6) for failure to state a claim, or, alternatively, to strike various portions of the First Amended Complaint under Rule 12(f).  (Mot.)  The Motion is fully briefed.  (Opp'n, ECF No. 35; Reply, ECF No. 36.)

### III.    MOTION TO STRIKE

The Court first addresses Defendants' Motion to Strike portions of the First Amended Complaint.  (Mot. 11–20.)

Under Rule 12(f), the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  The decision on whether to grant a motion to strike is at the court's discretion.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  The Ninth Circuit has cautioned against the use of a motion to strike as "an attempt to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

In their Motion to Strike, Defendants do not allege that any of the allegations they seek to strike are redundant, immaterial, impertinent or scandalous; instead, they contend that they are legally or factually insufficient.  (*See, e.g.*, Mot. 11 ("The [a]llegations as to Ordinance No. 1194 . . . [f]ail to establish Marquez engaged in free speech or . . . was 'substantially caused' by any speech and should be stricken.").)  Even in their reply, Defendants appear to confuse the two motions by contending that their argument in the Motion to Strike "is a question of law for the Court" and subject to review "de novo."  (Reply 4.); *see Whittlestone*, 618 F.3d at 974 ("Rule 12(f) motions are reviewed for abuse of discretion, whereas 12(b)(6) motions are reviewed de novo." (cleaned up)).  This is an improper "use [of] a motion to strike to do what a

motion to dismiss is intended to do—i.e., to test the legal sufficiency and plausibility of [Marquez's] allegations." *Aliya Medcare Fin., LLC v. Nickell*, No. 2:14-cv-07806-MMM (Ex), 2015 WL 11072180, at *19 (C.D. Cal. Sept. 25, 2015); *see also Whittlestone*, 618 F.3d at 975 ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . , we would be creating redundancies within the Federal Rules of Civil Procedure.") Accordingly, the Court exercises its discretion and **DENIES** the Motion to Strike.

### IV. MOTION TO DISMISS

The Court next turns to Defendants' Motion to Dismiss.

#### A. Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**B. Discussion**

Defendants move to dismiss all four causes of action. (Mot. 9–10, 20–22.)

*1.  First Cause of Action: Violation of 42 U.S.C. § 1983*

Defendants move to dismiss Marquez's first cause of action on the grounds that she "does not establish that she engaged in protected speech that led to the alleged retaliation" and because claims based on mere censure or admonition are not actionable under the First Amendment.[3] (Mot. 2, 9–10.)

The First Amendment states that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. "[T]he First Amendment prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech." *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022). When an elected official brings an action for First Amendment retaliation, she bears the burden of pleading that "(1) [s]he engaged in constitutionally protected activity; (2) as a result, [s]he was subjected to adverse action by the defendant . . . ; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir. 2022). If the plaintiff official makes a prima

---

[3] Defendants also make several arguments under its Motion to Strike. (*See* Mot. 11–20.) Having denied the Motion to Strike, the Court declines to consider or address these arguments.

facie showing, "the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of." *Id.* at 778.

Marquez alleges several retaliatory acts. (FAC ¶¶ 33, 50, 61, 65–66, 77.) Defendants argue that the alleged retaliatory acts do not relate to "any actual protected speech" or are not materially adverse under *Wilson*. (Mot. 9–10.) For clarity, the Court addresses each alleged retaliatory act separately.

### a) City Manager's Admonition

Marquez alleges that the City Manager issued an "admonition" in retaliation for her asking "basic questions necessary for her to do her job as an elected official." (FAC ¶¶ 76–78.) Defendants argue that an admonition by an elected colleague is not actionable under *Wilson*. (Mot. 9–10.)

The Court previously found Marquez's allegations in the initial Complaint regarding the City Manager's admonition to be inadequately pleaded. (Order Granting Mot. Dismiss Compl. ("Prior Order") 8, ECF No. 30.) Specifically, the Court noted that Marquez did not connect the admonition to a statement "that would raise freedom of speech concerns" and that "a mere admonition, without more, is unlikely to meet the bar for a 'sufficiently material' adverse action to sustain a First Amendment retaliation claim" considering the legislature's power to discipline their members. (*Id.* (citing *Wilson*, 595 U.S. at 477).)

The allegations regarding the City Manager's admonition in the First Amended Complaint are identical to those previously alleged, and fare no better. (*Compare* FAC ¶¶ 76–78, *with* Compl. ¶¶ 60–62, ECF No. 1.) Marquez adds only that, on October 31, 2023, the City issued a letter demanding that she conduct business exclusively through the City Manager, and that such communications be made only in writing. (FAC ¶ 79.) This new allegation does not cure the deficiencies previously noted by the Court. Again, Marquez fails to plead that the admonition or the October 23, 2023 letter was in retaliation to any protected speech or raise any facts to

support her conclusory assertion that it "substantially interfered with her ability to do her job." (*Id.* ¶ 79.) As pleaded, the City Manager's admonition and the October 23, 2023 letter appear to be "a censure of one member of an elected body by other members of the same body . . . [that] does not involve expulsion, exclusion, or any other form of punishment." *Wilson*, 595 U.S. at 482. As the Supreme Court held in *Wilson*, such disciplinary censures are not sufficient to give rise to a First Amendment retaliation claim. *Id.* at 482–83.

Accordingly, the Court **GRANTS** the Motion to Dismiss to the extent Marquez alleges a violation of her First Amendment rights based on the City's admonition and the October 23, 2023 letter. This dismissal is **WITHOUT LEAVE TO AMEND** given Marquez's previous opportunity and failure to cure this deficiency. (Prior Order 8); *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (finding failure to cure pleading deficiencies is "strong indication that the plaintiffs have no additional facts to plead").

b) <u>Ordinance No. 1193</u>

Marquez next alleges that Defendants enacted Ordinance No. 1193 as pretext for later censuring her. (FAC ¶¶ 33, 81.) Defendants argue that Marquez fails to show that Ordinance No. 1193, which was enacted on March 14, 2022, "came in response to any actual protected speech." (Mot. 10, 11–12.)

Elected officials engage in protected speech when they "express their views and opinions." *Boquist*, 32 F.4th at 775. Though bare, Marquez satisfies the first prong by plausibly alleging that she engaged in protected speech before the City enacted Ordinance No. 1193. (FAC ¶¶ 29–31.) She allegedly shared her views in favor of by-district elections "to members of the public" and "directly to residents of the City" in September 2021 and "at a public meeting on November 22, 2021." (*Id.* ¶¶ 37–38.) However, Marquez fails to satisfy the third prong, which requires that she plead a "substantial causal relationship" between Ordinance No. 1193 and the protected speech. *See Boquist*, 32 F.4th at 775. Marquez generally alleges that her "advocacy

was an unwelcome intrusion" to which the City responded by enacting Ordinance No. 1193.  (FAC ¶ 30.)  Ordinance No. 1193 directed Councilmembers to refrain from engaging in "abusive conduct, personal charges or ***verbal attacks*** upon the character or motives of other Council members, City staff[,] or public."  (*Id.* ¶ 31 (emphasis added).)  Maquez's statements about by-district elections did not involve attacks or charges on the character or motives of other Councilmembers or City staff.  As alleged, it is unclear how these statements substantially caused the City to adopt Ordinance No. 1193.

Accordingly, the Court **DISMISSES** the first cause of action to the extent it is based on Ordinance No. 1193.  This dismissal is **WITH LEAVE TO AMEND** to allow Marquez to add allegations showing a causal relationship between Ordinance No. 1193 and her protected speech.

        c)      <u>Resolution No. 6899</u>

Marquez alleges that Defendants passed Resolution No. 6899 as retaliation for her protected speech.  (FAC ¶¶ 50–56.)  But Marquez does not refer to Resolution No. 6899 in her first cause of action.  (*See id.* ¶¶ 80–86 (alleging only that Resolution No. 6905 and Ordinance No. 1193 violated her First Amendment rights).)  Marquez must plead "what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (cleaned up).  Nevertheless, the Court, with caution and viewing the facts in light most favorable to Marquez, treats Resolution No. 6899 as alleged under the first cause of action.

The City allegedly passed Resolution No. 6899 to censure Marquez because she "repeatedly interfered with the City Manager's selection of a department director by insisting in being included in the selection process" and "directly engaged with a consultant regarding the" CVRA forum presentation.  (FAC ¶¶ 51, 55.)  The Court previously dismissed Marquez's First Amendment claim based on Resolution No. 6899 for failure to allege protected speech.  (Prior Order 8–9, 11.)  Defendants argue that the allegations fail again for the same reason.  (*See* Mot. 10.)

Marquez does not allege that she has a personal First Amendment right to interfere with City Manager duties or to engage with the City's hired consultant. In contrast, she alleges that she "was merely exercising her duty as a duly elected councilmember to be involved in important aspects of the City's business." (FAC ¶ 51.) "[A] legislator has no right to use official powers for expressive purposes." *Nev. Comm'n on Ethics v. Carrigan*, 564 U.S. 117, 127–28 (2011) ("It is one thing to say that an inherently expressive act remains so despite its having governmental effect, but it is altogether another thing to say that a governmental act becomes expressive simply because the governmental actor wishes it to be so."). Thus, Marquez fails again to plead protected speech related to Resolution No. 6899.

Moreover, even accepting Marquez's allegation that Resolution No. 6899 is "pretextual" and in retaliation to "her rights to speak regarding issues including district-based elections," (FAC 56), Resolution No. 6899, like the City Manager's admonition, is a disciplinary censure not sufficiently material to offend the First Amendment. *Wilson*, 595 U.S. at 482.

Accordingly, the Court **DISMISSES** the first cause of action to the extent it is based on Resolution No. 6899. This dismissal is **WITHOUT LEAVE TO AMEND** given Marquez's previous opportunity and failure to cure this deficiency. (*See* Prior Order 8–9, 11); *see also Zucco,* 552 F.3d 981 at 1007.

        d)    <u>Resolution No. 6905</u>

Marquez alleges that Defendants adopted Resolution No. 6905 to retaliate against her for statements she made (1) in favor of by-district elections; (2) opposing the City's waste management contract; and (3) during a presentation at Cypress High School about local politics. (FAC ¶¶ 34–49, 81–82.) Defendants appear to argue that Resolution No. 6905 is not related to protected speech as it is a reprimand for Marquez's "unseemly speech and actions well beyond any normal regulations on the 'time, place, and manner' of her speech." (Mot. 9; Reply 4–7.)

Defendants' argument is not developed. Marquez is not challenging the "time, place, and manner" restrictions to her speech at Cypress High School. She is challenging the City's adoption of Resolution No. 6905 following her presentation at Cypress High School. As argued, it is unclear how the "time, place, and manner" standard ties to Marquez's claim and Defendants fail to provide any legal support for making such a connection. Accordingly, the Court declines to address this argument. *U.S. v. Graf,* 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived"); *see also Officia Imaging, Inc. v. Langridge*, No. 2:17-cv-02228-DOC (DFMx), 2018 WL 61371863, at *13 (C.D. Cal. Aug. 7, 2018) (denying portion of the motion to dismiss which contained undeveloped arguments).

Accordingly, the Court **DENIES** the Motion as to the first cause of action to the extent Marquez alleges Resolution No. 6905 violated her First Amendment rights.

2. *Second Cause of Action: Breach of Contract*

Defendants next move to dismiss Marquez's second cause of action and argue it is a "pendent jurisdiction matter" that belongs in state court. (Mot. 20–21.) As Marquez's federal cause of action survives, the Court may exercise supplemental jurisdiction over her state law claims that "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). For the first time in their reply, Defendants also argue that Marquez also fails to plead the basic elements of a contract claim." (Reply 9.) "Arguments raised for the first time in a reply brief are waived." *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Accordingly, the Court **DENIES** the Motion as to the second cause of action.

3. *Third Cause of Action: Declaratory Judgment*

Defendants move to dismiss Marquez's third cause of action on the grounds that she cannot seek declaratory relief for the City's past action of suspending her salary under California Code of Civil Procedure section 1060 and 28 U.S.C. § 2201. (Mot. 21.)

Both parties rely on *Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners LLC*, 191 Cal. App. 4th 357 (2010) to support their position. (*See* Mot. 21–22; Opp'n 24.) In *Osseous*, the court determined that a trial court "abuses its discretion by failing to dismiss a declaratory relief action [under California Code of Civil Procedure section 1060] when a breach of contract action is available." 191 Cal. App. 4th at 366–67 (citing *Travers v. Louden*, 254 Cal. App. 2d 926, 932 (1967)). Declaratory relief is not proper "when the rights of the complaining party have crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court." *Travers*, 254 Cal. App. 2d at 929. Likewise, "[i]n the context of a declaratory judgment action [under § 2201], allegations of past injury alone are not sufficient to confer standing." *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010) (quoting *Fieger v. Mich. Sup. Ct.*, 553 F.3d 955, 962 (6th Cir. 2009)). Like in *Travers*, Marquez does not allege facts "which would render necessary or proper a declaration with respect to the future conduct of the parties" such as "uncertainty as to the meaning of the contract or . . . its interpretation." *Travers*, 254 Cal. App. 2d at 929. As Marquez seeks declaratory relief for Defendants' past wrong of withholding her salary, the Court **DISMISSES** the third cause of action **WITHOUT LEAVE TO AMEND**.

4. *Fourth Cause of Action: Writ of Mandate*

Lastly, Defendants move to dismiss Marquez's fourth cause of action, arguing that Marquez cannot seek a writ of mandate to recover for her suspended salary when she seeks the same remedy under her breach of contract cause of action. (Mot. 22.) Marquez does not oppose this argument. (*See* Opp'n 24.) "As a general rule, a petition for a writ of mandate may be dismissed if the plaintiff has an alternate 'plain, speedy, and adequate remedy, in the ordinary course of law.'" *Villery v. Dep't of Corrs. & Rehab.*, 246 Cal. App. 4th 407, 410 (2016) (citing Cal. Civ. Proc. Code § 1086). Here, Marquez seeks an alternative remedy under her breach of contract

claim. Accordingly, the Court **DISMISSES** the fourth cause of action **WITHOUT LEAVE TO AMEND**.

C. Conclusion

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Dismiss.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion to Strike and **GRANTS IN PART and DENIES IN PART** the Motion to Dismiss. (ECF No. 33).

Specifically, the Court **DISMISSES WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND** the first cause of action, to the extent Marquez alleges the City Manager's admonition and Resolution No. 6899 violated her First Amendment rights, and the third through fourth causes of action. The Court **DISMISSES WITH LEAVE TO AMEND** the first cause of action, to the extent Marquez alleges Ordinance No. 1194 violated her First Amendment rights. The Court **DENIES** Defendants' Motion in all other respects.

If Marquez chooses to amend, she must file her Second Amended Complaint no later than **fourteen (14) days** from the date of this order. If Marquez does not timely amend, this dismissal shall be deemed a dismissal with prejudice as to her first cause of action to the extent it is based on Ordinance No. 1193.

**IT IS SO ORDERED.**

September 2, 2025

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE